## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

**November 29, 2016**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**GEORGE RUNION,**
**Claimant Below, Petitioner**

**vs.)   No.  15-1030** (BOR Appeal No. 2050356)
                          (Claim No. 2012036491)

**WINCHESTER MINE, LLC,**
                **Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner George Runion, by Otis R. Mann Jr., his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Winchester Mine, LLC, by Henry C. Bowen, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 25, 2015, in which the Board affirmed the March 27, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's November 20, 2013, decision granting a 25% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Runion was injured on May 21, 2012, while working as an employee for Winchester Mine, LLC, when the four-wheeler on which he was riding rolled down a hill after an axle broke. Mr. Runion was hit by a timber, injuring his left shoulder and cervical spine. He was initially treated conservatively by the physicians at MedExpress. On November 5, 2012, Mr. Runion was seen in consultation by Robert J. Crow, M.D., for an evaluation of his chronic neck and upper left extremity complaints. Dr. Crow diagnosed cervical strain, cervical spondylosis, cervical radiculopathy, and neck pain. Dr. Crow recommended two-level anterior cervical discectomy.

1

Saghir R. Mir, M.D., performed an independent medical evaluation on January 21, 2013. Dr. Mir recommended a repeat surgical consultation, injections, and surgery. On May 23, 2013, Dr. Crow performed a C6-C7 anterior cervical discectomy and fusion.

Dr. Mir performed a second independent medical evaluation on October 9, 2013. Mr. Runion reported to Dr. Mir that he continued to experience aching, throbbing, and burning in the cervicodorsal and left scapular areas. Dr. Mir noted Mr. Runion was walking with a cane. However, Mr. Runion did not have a limp and was able to walk without the cane during the examination. Dr. Mir also noted Mr. Runion had a normal gait. Dr. Mir diagnosed post-operative discectomy with fusion at C6-C7, pre-existing degenerative changes and bulging disc at C5-C6, and normal examination of the left shoulder without evidence of tendinitis or rotator cuff pathology. Dr. Mir assessed 25% impairment for the cervical spine due to the fusion. He assessed 0% impairment for the left shoulder because Mr. Runion exhibited only slight limitation of flexion and forward flexion due to symptoms in the left cervicoscapular area. In his opinion, the left shoulder sprain and tendinitis had completely resolved.

On November 20, 2013, Mr. Runion was granted a 25% permanent partial disability award. Bruce A. Guberman, M.D., performed an independent medical evaluation on May 9, 2014. Mr. Runion complained of pain in his neck with radiation into both shoulders and arms. He also reported numbness and tingling in his left arm, weakness in both hands and arms, and problems walking. Dr. Guberman noted Mr. Runion was unable to walk on his toes or on his heels and was unable to walk heel to toe. Dr. Guberman's impression was acute and chronic post-traumatic cervical spine strain, post-traumatic disc herniation at C6-C7, anterior cervical discectomy and fusion at the C6-C7 level for left sided radiculopathy, residual myelopathy, and chronic post-traumatic strain of the left shoulder with persistent range of motion abnormalities. In Dr. Guberman's opinion, Mr. Runion exhibited an uneven gait. Dr. Guberman assessed 32% whole person impairment. The rating was based on 28% cervical spine impairment, which included impairment for gait derangement, and 5% impairment for the left shoulder.

Mr. Runion asserts that an equal amount of evidentiary weight exists between the opinions of Dr. Guberman and Dr. Mir. Therefore, Dr. Guberman's assessment of impairment should be used in determining his permanent partial disability award. However, the Office of Judges did not agree with this assessment of the evidence

The Office of Judges found the opinion of Dr. Mir to be more reliable than that of Dr. Guberman as Dr. Mir correctly applied the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) and West Virginia Code of State Rules §85-20 (2006). The Office of Judges found Dr. Guberman's inclusion of impairment for gait derangement was not for the cervical spine injury, and therefore, it should not have been used in assessing the whole person impairment. Additionally, the Office of Judges determined the slight limitation in Mr. Runion's left shoulder range of motion was more likely than not related to the cervicoscapular area, considering his cervical surgery. Therefore, the Office of Judges did not believe the left shoulder impairment assessment should have been included in the whole person impairment. Accordingly, the Office of Judges affirmed the claims administrator's award of 25% permanent partial disability.

The Board of Review adopted the Office of Judge's findings of fact and conclusions of law when it affirmed the Order on September 25, 2015. The Office of Judges reviewed the evidence and found Dr. Mir was the only physician that applied the American Medical Association's *Guides* and West Virginia Code of State Rules § 85-20 correctly. Therefore, Dr. Mir's opinion was found to be more reliable. We agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 29, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II